IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

| | |
|---|---|
| RAMONA FAVELA JALAPA, § | |
| § | |
| *Plaintiff*, § | |
| § | |
| v. § | CASE NO. 1:25-CV-00332-WJ-KK |
| § | |
| BROOKLINE COLLEGE, LLC, § | |
| SHEVONNE SCOTT, JAMIE § | |
| HOWARD, LINDA LORD, NICOLE § | |
| OLIVAS, AND MICHELLE FOSTER, § | |
| | |
| *Defendant*. | |

### DEFENDANT MICHELLE FOSTER'S FIRST AMENDED
### ANSWER AND DEFENSES TO PLAINTIFF'S FIRST AMENDED COMPLAINT

Defendant Michelle Foster ("Foster" or "Defendant") files her First Amended Answer and Defenses to Plaintiff Ramona Favela Jalapa's ("Plaintiff" or "Jalapa") First Amended Complaint (the "Amended Complaint").

### I.  LIMITED GENERAL DENIAL

Subject to and without waiving the Defenses and Affirmative Defenses set out at Section IX hereof, *infra*., and reserving all rights to seek dismissal of unsustainable claims under applicable procedural rules, Foster admits that Plaintiff alleges unspecified "wrongful, discriminatory, and fraudulent conduct" by Brookline College and its (unspecified) alleged agents, which purportedly culminated in Plaintiff's "unjust expulsion and denial of a degree from the Bachelor of Science in Nursing (BSN) program." *See* Am. Compl., first unnumbered paragraph.

Foster denies all liability to Plaintiff as Foster had no authority to expel students or deny a degree, which is the pleaded basis for this lawsuit, and Foster further did not violate any statute or law identified by the Amended Complaint. Further, as permitted by Rule 8(b)(3), Fed. R. Civ. P., Foster generally denies all averments of the Amended Complaint except the averments specifically admitted below. Foster further denies that Plaintiff is entitled to any of the relief requested and demands strict proof of each element of each of Plaintiff's claims and asserted damages.

## II. ANSWER TO "JURISDICTION"

1. Foster is without knowledge of Plaintiff's current or historical residence as alleged in paragraph 1 of the Amended Complaint and, therefore, denies same.

2. Foster admits Brookline College is a private college that operates a campus in Albuquerque, New Mexico, as alleged in paragraph 2 of the Amended Complaint.

3. Foster, whose employment with Brookline College started later and ended earlier than the period for which Plaintiff asserts claims and who had no authority at any time over defendant Shevonne Scott ("Scott"), is without knowledge to admit or deny the facts alleged in paragraph 3 of the Amended Complaint and therefore denies same.

4. Foster, whose employment with Brookline College started later and ended earlier than the period for which Plaintiff asserts claims and who had no authority at any time over defendant Jamie Howard ("Howard"), is without knowledge to admit or deny the facts alleged in paragraph 4 of the Amended Complaint and therefore denies same.

5. Foster, whose employment with Brookline College started later and ended earlier than the period for which Plaintiff asserts claims and who had no authority at any

time over defendant Linda Lord ("Lord"), is without knowledge to admit or deny the facts alleged in paragraph 5 of the Amended Complaint and therefore denies same.

6. Foster, whose employment with Brookline College started later and ended earlier than the period for which Plaintiff asserts claims and who had no authority at any time over defendant Nicole Olivas ("Olivas"), is without knowledge to admit or deny the facts alleged in paragraph 6 of the Amended Complaint and therefore denies same.

7. Foster, whose employment with Brookline College started later and ended earlier than the period spanned by Plaintiff's allegations, admits that at times she held the position of Director, Financial Aid, at Brookline College's Albuquerque campus, denies that she lives in Albuquerque, NM, and denies participating in any unspecified "acts and omissions against Plaintiff" as alleged by paragraph 7 of the Amended Complaint; to the contrary, at all times Foster fulfilled her administrative duties evenhandedly and not for or against any Brookline student.

8. At paragraph 8 of the Amended Complaint, Plaintiff asserts conclusions of law which Foster need not admit or deny; this case was properly removed to federal court.

### III. ANSWER TO "Facts"

9. Foster is without knowledge of the facts alleged in paragraph 9 of the Amended Complaint, which do not concern Foster, and therefore denies same.

10. Foster is without knowledge of the facts alleged in paragraph 10 of the Amended Complaint, which do not concern Foster, and therefore denies same.

11. Foster is without knowledge of the facts alleged in paragraph 11 of the Amended Complaint, which do not concern Foster, and therefore denies same.

12. Foster denies the facts alleged in paragraph 12 of the Amended Complaint; Foster did not set but, instead, administrated Brookline College's policies as to course tuition charges and she applied such policies evenhandedly to Plaintiff and other students.

13. Foster is without knowledge of the facts alleged in paragraph 13 of the Amended Complaint, which do not concern Foster, and therefore denies same.

14. Foster is without knowledge of the facts alleged in paragraph 14 of the Amended Complaint, which do not concern Foster, and therefore denies same.

[*11] Defendant is without knowledge of the facts alleged in the misnumbered second paragraph 11 of the Amended Complaint and therefore denies same.

[*12] Defendant is without knowledge of the facts alleged in the misnumbered second paragraph 12 of the Amended Complaint and therefore denies same.

[*13] Defendant is without knowledge of the facts alleged in the misnumbered second paragraph 13 of the Amended Complaint and therefore denies same.

[*14] Defendant is without knowledge of the facts alleged in the misnumbered second paragraph 14 of the Amended Complaint and therefore denies same.

15. Foster is without knowledge of the facts alleged in paragraph 15 of the Amended Complaint, which do not concern Foster, and therefore denies same.

16. Foster is without knowledge of the facts alleged in paragraph 16 of the Amended Complaint, which do not concern Foster, and therefore denies same.

17. Foster is without knowledge of the facts alleged in paragraph 17 of the Amended Complaint, which do not concern Foster, and therefore denies same.

18. Foster is without knowledge of the facts alleged in paragraph 18 of the Amended Complaint, which do not concern Foster, and therefore denies same.

19. Foster is without knowledge of the facts alleged in paragraph 19 of the Amended Complaint, which do not concern Foster, and therefore denies same.

20. Foster is without knowledge of the facts alleged in paragraph 20 of the Amended Complaint, which do not concern Foster, and therefore denies same.

21. Foster is without knowledge of the facts alleged in paragraph 21 of the Amended Complaint, which do not concern Foster, and therefore denies same.

22. Foster denies that Plaintiff suffered or incurred damages because of acts or omissions by Foster, and denies that Plaintiff is entitled to damages, as stated at subparagraphs a through f.

## IV. ANSWER TO "First Claim for Relief: Fraud"

23. Foster denies the allegations of paragraph 23 of the Amended Complaint.

24. Foster denies the allegations of paragraph 24 of the Amended Complaint.

25. Foster denies the allegations of paragraph 25 of the Amended Complaint.

26. Foster denies the allegations of paragraph 26 of the Amended Complaint.

27. Foster denies the allegations of paragraph 27 of the Amended Complaint.

28. Foster denies the allegations of paragraph 28 of the Amended Complaint.

## V. ANSWER TO "Second Claim for Relief: Violations of the Unfair Practices Act"

29. Foster denies the allegations of paragraph 29 of the Amended Complaint.

30. Foster denies the allegations of paragraph 30 of the Amended Complaint.

31. Foster denies the allegations of paragraph 31 of the Amended Complaint.

32. Foster denies the allegations of paragraph 32 of the Amended Complaint.

### VI. ANSWER TO "Third Claim for Relief: Negligent Misrepresentation"

33. Foster denies the allegations of paragraph 33 of the Amended Complaint.

34. Foster denies the allegations of paragraph 34 of the Amended Complaint.

35. Foster denies the allegations of paragraph 35 of the Amended Complaint.

### VII. ANSWER TO "Fourth Claim for Relief: Negligence and Punitive Damages"

36. Paragraph 36 of the Amended Complaint alleges a purported legal principle (duty) requiring no answer from Foster; to the extent an answer is required, Foster denies making unspecified representations that purportedly were inaccurate or untrue.

37. Paragraph 37 alleges a purported legal principle (duty) requiring no answer from Defendant. To the extent an answer is required, paragraph 37 is unintelligible, not susceptible of answer, and is denied.

38. Paragraph 38 alleges a purported legal principle (duty) requiring no answer from Foster; to the extent an answer is required, Foster denies breach of any duty, denies making unspecified gross misrepresentations, and denies the purported unspecified unfair treatment of Plaintiff and other unidentified students.

39. Foster denies the allegations of paragraph 39 of the Amended Complaint.

40. Foster denies the allegations of paragraph 40 of the Amended Complaint.

41. Foster denies the allegations of paragraph 41 of the Amended Complaint.

## VIII.  ANSWER TO "Request for Relief"

42.   Foster denies Plaintiff is entitled to any of the relief requested in the final, unnumbered paragraph of the Amended Complaint, including any of the relief specified at subparagraphs A through F.

## IX.   FOSTER'S DEFENSES AND AFFIRMATIVE DEFENSES

Pleading further if such be necessary, Defendant Michelle Foster states the following defenses and affirmative defenses to the Amended Complaint (but does not assume the burden of proof on any defense unless required by law as to the defense asserted):

1. Plaintiff has not pleaded a plain concise statement of the facts and elements of the claims asserted sufficient to show that Plaintiff is entitled to relief against Foster. *See* NMRCP 1-008. Nor is there a demand for judgment specific to Foster and Foster's alleged actions. NMRCP 1-008. Plaintiff therefore thereby fails to afford Foster fair notice of the claims against her, and the Amended Complaint fails to state a claim for which relief may be granted under Rules 8 & 12(b)(6), Fed. R. Civ. P., and parallel state rules such as NMRCP 1-008 & 012(B).

2. In alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake, as required by Rule 9(b), Fed. R. Civ. P., and by NMRCP 1-009, as part of the Plaintiff's plain, concise statement of her claim. Nor is there a demand for judgment or special damages specific to Foster and her actions alleged to constitute fraud or mistake. NMRCP 1-008 and -009; Rules 8 & 9(b), Fed. R. Civ. P. Since Plaintiff has not done so, she has thereby failed to give Foster, as

the responding party, fair notice of the fraud claim(s) asserted against her, which may be dismissed under Rule 12(b)(6), Fed. R. Civ. P.; NMRCP 1-012(B).

    3. The Amended Complaint fails to state a claim for fraud under Rule 12(b)(6), Fed. R. Civ. P. & NMRCP 1-12(B). Specifically, Plaintiff must plead facts identifying conduct establishing each element of the claim, including: "(1) a misrepresentation of fact, (2) with either knowledge of the falsity of the representation or recklessness on the part of the party making the misrepresentation, (3) intent to deceive and to induce reliance on the misrepresentation, and (4) detrimental reliance on the misrepresentation." *Williams v. Stewart*, 112 P.3d 281, 290 (N.M. Ct. App. 2005); *Applied Capital, Inc. v. Gibson*, 558 F.Supp.2d 1189, 1200 (DNM 2007); *Sugar v. Tackett*, 632 F.Supp.3d 1218, 1225 (D.N.M. 2022); NMRA, Civ. UJI 13-1633. The Amended Complaint fails to plead or minimally support the elements of fraud against Foster under federal and New Mexico procedural rules. Rule 12(b)(6), Fed. R. Civ. P.; NMRCP 1-012(B).

    4. To establish negligent misrepresentation, Plaintiff must plead facts in support of five elements: (1) an untrue statement, (2) made by one who has no reasonable ground to believe the statement is true, (3) on which the speaker intends the listener to rely, (4) on which the listener did rely, and (5) the reliance caused harm to the listener. *See Sawyer v. USAA Ins. Co.,* 912 F.Supp.2d 1118, 1146-47 (D.N.M. 2012). The Amended Complaint fails to plead or support the elements of a negligent misrepresentation claim against Foster under New Mexico law. Rules 8(a) & 12(b)(6), Fed. R. Civ. P.; NMRCP 1-008 & 1-012(B).

5. Plaintiff has not pleaded facts in support of nor has she alleged each element of each of her cause of action for violation of the Unfair Practices Act, thereby failing to state a claim for which relief may be granted under Rule 12(b)(6), Fed. R. Civ. P., including as to a claim for false representations or other unspecified acts or omissions under the NM Unfair Practices Act. Rules 8(a) & 12(b)(6), Fed. R. Civ. P.; NMRCP 1-008 & 1-012(B).

6. Plaintiff has failed to identify with any specificity the acts or omissions on which Plaintiff asserts a violation of any paragraph or subparagraph of the Unfair Practices Act, including, but not limited to NMSA 57-12-2(D), -2(D)(11), (14), (15), (17), and -2(E)(1) and (2), failing to provide fair notice of the claims asserted, and preventing Foster from preparing any defense or affirmative defense. Rules 8(a) & 12(b)(6), Fed. R. Civ. P.; NMRCP 1-008 & 1-012(B).

7. Notwithstanding the absence of notice of the claims asserted under the Unfair Practices Act, including, but not limited to NMSA 57-12-2(D), -2(D)(11), (14), (15), (17), and -2(E)(1) and (2), Foster asserts all defenses or affirmative defenses potentially available in response to a well-pleaded complaint, including value received aligned with price paid; good faith reliance on third-party information, industry standards, or regulatory guidance in support of any complained of representations; lack of knowledge; regulatory exemption for permitted conduct; violation of the limitations period; lack of standing as buyer of goods or services for isolated issues; complained of conduct outside the regular course of Foster's trade or commerce; no evidence of deliberation and

disregard for foreseeable risk; estoppel; waiver; and/or unauthorized and unratified actions outside Foster's authority and/or control.

8. As an employee administrator of Brookline College, LLC, Foster may not be sued under the NM Unfair Practices Act with respect to goods or services offered by Defendant Brookline. Plaintiff did not contract with and has no standing to sue Foster, who made no representations to Plaintiff as to any business operated by Foster.

9. Plaintiff's own conduct constitutes consent, waiver and/or estoppel with respect to claims asserted.

10. Plaintiff's own conduct was contributorily negligent, causing Plaintiff's claimed damages, if any.

11. The claims asserted by Plaintiff under the Unfair Practices Act are groundless and pursued without basis, warranting award of attorneys' fees to Foster for defense of such groundless claims.

12. The claims asserted by Plaintiff under the Unfair Practices Act are preempted by other state law for which Plaintiff failed to exhaust remedies, including, but not limited to the New Mexico Human Rights Act, and Plaintiff may not circumvent the procedural requirements of such law, including exhaustion of administrative remedies, through a claim under the Unfair Practices Act.

13. The claims asserted by Plaintiff under the Unfair Practices Act were resolved under the contractual and/or administrative procedures incorporated into the services provided, resulting in an accord and satisfaction as to such claims, and/or Plaintiff failed to exhaust and/or Plaintiff waived the contractual and/or administrative procedures

available to Plaintiff with respect to the complained of services and Plaintiff's claims therefore are both waived and barred for failing to utilize the contractual and/or administrative procedures available for reconciliation of concerns as to services provided.

14. Some or all of Plaintiff's claims are preempted by the New Mexico Human Rights Act.

15. To the extent Plaintiff alleges claims of public accommodation discrimination and/or retaliation but filed no administrative charge with the NM DWS-HRB as required by the NMHRA, such claims and remedies are barred for failure to exhaust administrative remedies. Plaintiff may not circumvent the mandatory administrative exhaustion procedure by seeking redress through other common law or statutory claims that circumvent the requirements of the NMHRA.

16. To the extent Plaintiff failed to timely file an administrative charge with respect to all or part of her claims that articulate discrimination or retaliation based on race or national origin in the context of a public accommodation, such claims are barred by the limitations periods for bringing such administrative claims as part of the mandatory administrative exhaustion requirements for such claims.

17. To the extent not previously stated, Foster asserts all defenses available under the NMHRA.

18. To the extent Plaintiff failed to satisfy the limitations periods applicable to any of the common law or statutory claims asserted in the Amended Complaint, such claims are barred.

19. Some or all of Plaintiff's claims are barred by laches.

20. Any actions taken by Foster with respect to Plaintiff was for legitimate, non-discriminatory, and non-retaliatory business reasons that are reasonable for the industry and services provided.

21. Any action taken by Foster with respect to Plaintiff was in good faith, was and is justified, was and is within the bounds of conduct accepted in a civilized society, was and is without malicious intent or intent to harm, was and is protected by legal doctrines recognized at law or by statute, was and is without malice or reckless indifference to Plaintiff's legally protected rights, and was and is without culpability.

22. Some or all of Plaintiff's claims are barred and/or recovery of damages is precluded to the extent Plaintiff unreasonably failed to mitigate, or to otherwise take preventive or corrective measures, or to avoid harm otherwise.

23. To the extent any individual either took actions or failed to act in violation of any law, which Foster denies, Foster did not direct, authorize, or ratify such unlawful actions or failures to act, and such actions, if they occurred at all, would have been outside the scope of the Foster's authority, and may not be attributed to Foster.

24. To the extent any individual took actions or failed to act in violation of any law or duty allegedly owed to Plaintiff and Plaintiff seeks to attribute such conduct to Foster, such claims are barred to the extent Plaintiff failed to exhaust contractual, administrative, or appeal remedies available to Plaintiff.

25. To the extent a contract for arbitration exists as to any of the claims purportedly alleged by Plaintiff, Foster asserts that Plaintiff's claims are subject to such mandatory arbitration.

26. Plaintiff contributed to and may not recover damages or losses through Plaintiff's own culpability, unreasonable conduct, unreasonable reliance, or contributory negligence, where such actions or inactions contributed to Plaintiff's claimed injuries.

27. Foster asserts the doctrines of comparative negligence and comparative fault to bar some or all of Plaintiff's claims.

28. To the extent relevant to the claims against Foster, Plaintiff breached her agreements with Defendant Brookline College and/or failed to satisfy the conditions required for continued enrollment.

29. To the extent relevant to the claims against Foster, Defendant Brookline College is privileged and/or qualifiedly privileged to refuse continued enrollment where Plaintiff was unwilling or unable to satisfy conditions and/or state requirements for same.

30. The injuries, damages, or losses alleged in Plaintiff's Complaint are not proximately cause by a wrongful, negligent, intentional, malicious, or reckless acts or omissions of Foster.

31. Plaintiff's claimed injuries, if any, were caused by Plaintiff's own superseding, intervening negligent or intentional conduct.

32. Pleading in the alternative, if such becomes necessary, one or more third-party individuals and/or entities are responsible for some or all of the alleged conduct and/or injuries complained of by Plaintiff.

33. Pleading in the alternative, if such becomes necessary, Plaintiff's damages, if any, were caused or contributed to by Plaintiff's own acts or omissions, and/or by the acts or omissions of persons and/or entities other than Foster and over which or whom Foster had no control.

34. To the extent applicable, Plaintiff's claims for damages are barred or reduced, in whole or in part, by the doctrines of offset, payment, and/or unjust enrichment for compensation, payments and/or benefits received.

35. To the extent supported by the evidence, Plaintiff's failure to mitigate and/or her failure to take reasonable steps to mitigate her claimed damages, if any, bars the recovery of such damages.

36. Plaintiff's claims for relief are barred to the extent they exceed the relief available under applicable state law, both as to recognized legal doctrines, statutory remedies, and statutory caps.

37. Attorneys' fees are not recoverable for some or all of Plaintiff's claims.

38. To the extent discovery may disclose information which could serve as a basis for the termination of Plaintiff's enrollment, Plaintiff is barred from recovery of damages after discovery of such information.

39. To the extent applicable following discovery, Foster asserts the defenses of estoppel and unclean hands.

40. To the extent Plaintiff seeks punitive damages, the Amended Complaint fails to state a claim upon which an award of punitive damages can be granted as the facts and claims alleged fail to support that Foster engaged in harmful and illegal acts that were intentional and committed with malice or reckless indifference, and some or all of Plaintiff's claims do not allow for a punitive damages award.

41. Plaintiff's punitive damages claim is barred to the extent it violates the due process or other provisions of the Constitutions of the United States and the State of New Mexico and/or to the extent such damages are not authorized or available by NM statute or other applicable law.

42. To the extent such shall be established by the evidence of the case and not previously asserted in this Amended Complaint, Plaintiff's claims are barred by the equitable doctrines of unclean hands, laches, waiver and/or estoppel.

43. Foster reserves the right to raise further defenses as information becomes available through the course of discovery, which has not yet begun, and nothing in this Amended Answer should be construed as a waiver of such additional defenses.

WHEREFORE, Defendant Michelle Foster asks that this honorable Court dismiss Plaintiffs claims, enter judgment in her favor and against Plaintiff, and award Defendant such other relief, general and special, including but not limited to attorneys' fees and costs under NMSA § 57-12-10(C), that the Court deems just and appropriate.

Respectfully submitted,

*/s/Teresa Valderrama*
**TERESA VALDERRAMA**
State Bar No.: 159965
**FISHER & PHILLIPS LLP**
910 Louisiana Street, Suite 4000
Houston, Texas 77002
Telephone: (713) 292-0150
Facsimile: (713) 292-0151
tvalderrama@fisherphillips.com

**ATTORNEY FOR DEFENDANT
MICHELLE FOSTER**

**CERTIFICATE OF SERVICE**

I hereby certify that on the 19th day of November, 2025, I electronically filed the foregoing document with the Clerk of Court for the District of New Mexico through the CM/ECF document filing system which caused electronic service of same on all counsel of record, including the following:

Joshua Bradley
Bradley Law
1105 Marquette Ave. NW
Albuquerque, New Mexico 87102
josh@BradleyLawNM.com

Respectfully submitted,

*/s/Teresa Valderrama*
**COUNSEL FOR DEFENDANT**