**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF NEW MEXICO**

RAMONA FAVELA JALAPA,

Plaintiff,

vs. No. 1:25-cv-00332-WJ-KK

BROOKLINE COLLEGE, SHEVONNE SCOTT,
JAMIE HOWARD, LINDA LORD,
NICOLE OLIVAS, and MICHELLE FOSTER,

Defendants.

**MEMORANDUM OPINION AND ORDER REMANDING CASE**

THIS MATTER is before the Court *sua sponte.* The Court will remand the case to state court under 28 U.S.C. § 1447(e) based on lack of subject matter jurisdiction.

The Court has an ongoing duty to determine the existence of proper jurisdiction and must dismiss the action if, at any time, it determines there is a lack of jurisdiction. *Tuck v. United Services Auto. Ass'n.* 859 F.2d 842, 844 (10th Cir. 1988); *Basso v. Utah Power & Light Co.,* 495 F.2d 906, 909 (10th Cir. 1974). In a removed case such as this case, if the Court determines that it lacks subject matter jurisdiction, the case must be remanded to state court. 28 U.S.C. § 1447(c).

This case was originally filed, pro se, by Plaintiff Jalapa against Defendant Brookline College in the Second Judicial District Court, State of New Mexico. The case was removed to this Court by the Defendant, Brookline College, on April 3, 2025. **[Doc. 1]**. The Notice of Removal alleged that Plaintiff Jalapa and Defendant Brookline College were citizens of different states and that removal jurisdiction in this Court was based on the existence of diversity of citizenship under 28 U.S.C. § 1332(a). **[Doc. 1 at 3-4]**. The Notice of Removal also premised removal on the

existence of federal question jurisdiction under 28 U.S.C. § 1331, because the Complaint contained allegations that Defendant Brookline College had violated Plaintiff's federal constitutional rights. **[Doc. 1 at 2-3].**

On May 8, 2025, counsel entered an appearance on behalf of Plaintiff Jalapa. **[Doc. 9].** Counsel filed a Motion to Remand the case to state court **[Doc. 11]** and a Motion for leave to file an amended complaint **[Doc. 10],** stating that counsel had reviewed the pro se Complaint and sought leave to amend to assert claims against additional individual defendants, to eliminate any reference to violation of any federal rights, and to state purely state law claims against the defendants. **[Doc. 10].** The Court granted Plaintiff's Motion for leave to file an amended complaint and denied all other pending motions as moot. **[Doc. 18].** Plaintiff filed her First Amended Complaint on October 9, 2025. **[Doc. 19].**

The First Amended Complaint joins five individual named Defendants, Shevonne Scott, Jamie Howard, Linda Lord, Nicole Olivas, and Michelle Foster and makes factual allegations of individual wrongful conduct by the individual Defendants. **[Doc. 19 at 1-4].** The First Amended Complaint also alleges that Plaintiff Jalapa and all five individual Defendants reside in the City of Albuquerque. **[Doc. 19 at 2-3].** The First Amended Complaint alleges only state law claims of fraud, violation of the New Mexico Unfair Practices Act, negligent misrepresentation, and negligence. **[Doc. 19 at 4-6].** The First Amended Complaint does not assert any federal claims.

The parties agree that there is no federal question jurisdiction in this case because all federal claims have been dismissed. **[Doc. 26 at 2]**. Therefore, the only arguable basis for subject matter jurisdiction in this Court is diversity of citizenship. Under 28 U.S.C. § 1447(e):

> "If after removal the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder, or permit joinder and remand the action to state court."

In this case, the Court permitted joinder of defendants whose joinder destroys diversity of citizenship jurisdiction. **[Doc. 18].** It appears from the face of the First Amended Complaint that Plaintiff Jalapa and the five individual Defendants are all citizens of New Mexico and, therefore, there is no diversity jurisdiction in this case. 28 U.S.C. § 1332(a). There are also no federal claims asserted in the First Amended Complaint and, therefore, there appears to be no federal question jurisdiction under 28 U.S.C. § 1331. As a consequence, it plainly appears that the Court lacks subject matter jurisdiction and this case must be remanded to state court under 28 U.S.C. § 1447(e). *Tuck v. United Services Auto. Ass'n.* 859 F.2d at 844; *Basso v. Utah Power & Light Co.,* 495 F.2d at 909.

IT IS ORDERED that this case is remanded to the State of New Mexico, County of Bernalillo, Second Judicial District Court for lack of subject matter jurisdiction as required by 28 U.S.C. § 1447(e).

__/s/_______________________________________
WILLIAM P. JOHNSON
SENIOR UNITED STATES DISTRICT JUDGE